## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| VONDOM, LLC, | |
| Plaintiff, | |
| vs. | Case No.: |
| CHRISTOPHER M. SUESS, TRUSTEE OF CHISTOPHER M. SUESS TRUST DATED JANUARY 9, 2017; LUIS G. MOTA, TRUSTEE OF LUIS G. MOTA TRUST DATED JANUARY 9, 2017; and ALTAMIRA COMPANY, LLC, | |
| Defendants. | |

## COMPLAINT

Plaintiff Vondom, LLC sues Defendants Christopher M. Suess, Trustee of the Christopher M. Suess Trust Dated January 9, 2017, and Luis G. Mota, Trustee of the Luis G. Mota Trust Dated January 9, 2017, and Altamira Company, LLC, and alleges as follows:

### OVERVIEW

1.      Due to the "local action rule," Plaintiff Vondom, LLC files this action as a companion lawsuit to another action currently pending before the U.S. District Court for the Central District of California, *Vondom, LLC et al. v. Christopher Suess et al*. Defendants' wrongful conduct goes well beyond that alleged here, and involves other companies and persons (including Christopher Suess and Luis Mota in their individual capacities). In fact, the fraudulent conduct is ongoing and continues to this very day. In the absence of the relief sought here, as well as that sought in the Central District of California, Defendants have made it clear that they will continue their well-orchestrated, sophisticated fraud and theft against Vondom, LLC. Vondom, LLC requests this Court's intervention, to once and for all, put an end to Defendants' brazen, willful, and unlawful conduct involving actions and real property within this District.

## THE PARTIES

2.      Plaintiff Vondom, LLC ("Vondom LLC") is, and at all times relevant hereto was, a limited liability company organized and existing under the laws of the State of New York with its principal place of business in Doral, Florida.  Its members are Vondom USA, Inc., a corporation organized and existing under the laws of the State of Florida with its principal place of business in Doral, Florida, and Olga Tomás ("Tomás") and Antonio Esteve ("Esteve"), who are both domiciled in the State of Florida.

3.      Defendant Christopher M. Suess ("Suess Trust"), Trustee of the Christopher M. Suess Trust Dated January 9, 2017 ("Suess Trust") is, and at all times relevant hereto was, an individual domiciled in Los Angeles County in the State of California.

4.      Defendant Luis G. Mota ("Mota Trust"), Trustee of the Luis G. Mota Trust Dated January 9, 2017 ("Mota Trust") is, and at all times relevant hereto was, an individual domiciled in Los Angeles County in the State of California.

5.      Altamira Company, LLC ("Altamira Company") is, and at all times relevant hereto was, a limited liability company organized and existing under the laws of the State of Illinois with its principal place of business in Lake Forest, Illinois.  Its members/owners are Christopher Suess ("Suess") and Luis G. Mota ("Mota"), both of whom are domiciled in the State of California.

6.      Defendants Suess Trust, Mota Trust, and Altamira Company are collectively referred to hereinafter as "Defendants."

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction over the claims for relief in this complaint pursuant to 28 U.S.C. §1332(a)(1).

8.      This Court has personal jurisdiction over Defendant Altamira Company because it is domiciled in the State of Illinois, the cause of action arises from its transacting business within the State of Illinois, and the cause of action arises from its using real estate in the State of Illinois.  The Court has personal jurisdiction over Defendants Suess Trust and Mota Trust because the cause of action asserted herein arises from their owning, using, or possessing real estate in the State of Illinois.

9.      The real property that is the substantial subject of this action is located in this District.

10.     Venue is proper in this District pursuant to 28 U.S.C § 1391(b)(2).

### CLAIM FOR RELIEF – FRAUDULENT TRANSFER

***Vondom LLC Hires Suess as an Employee***

11.     Plaintiff Vondom LLC is a leading producer of avant-garde furniture, pots, planters, lamps, and rugs for indoor and outdoor commercial spaces.

12.     Vondom LLC has a showroom at the Pacific Design Center located at 8687 Melrose Avenue Showroom B-114 West Hollywood, California 90069 ("the West Hollywood Showroom").

13.     In or about June 2018, Vondom LLC hired Suess as an employee to work out of the West Hollywood Showroom.  His title eventually became Los Angeles Branch Manager.

***Defendants Misappropriate Vondom LLC's Money***

14.     Given his general autonomy in the West Hollywood Showroom, Suess—with the knowledge and assistance of his husband, Mota—hatched a plan that would result in (a) his, Mota's, and Altamira Company's misappropriation of hundreds of thousands of dollars of Vondom LLC's money, (b) fraudulent transfers of that money that permitted Defendant Suess Trust to purchase real property in Barrington, Illinois that he then transferred to Suess Trust and Mota Trust by quit claim deed, and (c) fraudulent transfers of that money for improvements to that real property.

15.     On or about March 5, 2019, Altamira Company, acting through its agent Mota and without Vondom LLC's knowledge or authorization, registered the following fictitious names with the Los Angeles County, California Clerk: Vondom, LLC; Vondom; Altamira Designs; Altamira; and Christopher Suess Designs.  A copy of the Fictitious Business Name Statement is attached as Exhibit "1".

16.     In other words, Altamira Company informed the general public that it was then operating as the following simultaneously:

Altamira Company, LLC doing business as Vondom LLC

Altamira Company, LLC doing business as Vondom

Altamira Company, LLC doing business as Altamira Designs

Altamira Company, LLC doing business as Altamira

Altamira Company, LLC doing business as Christopher Suess Designs

17.     Altamira Company, acting through its agent Mota, stated that it had been transacting business under the fictitious names listed above since May 2018.

18.     Mota signed the registration document stating that he, on behalf of Altamira Company, declared all information was true and accurate upon penalty of a misdemeanor.

19.     Vondom LLC was not even aware of the existence of Altamira Company until December 2019.

20.     Using the false fictitious name registration, in or about April 2019, Altamira Company, acting through its agents Suess and Mota, opened a bank account at Bank of America in the name of Altamira Company, LLC dba Vondom (the "Altamira Company Account").  Altamira Company, Suess, and Mota knowingly, fraudulently, and without Vondom LLC's knowledge or authorization, added the false "dba" designation to the title on the account.

21.     The most common scheme carried out by Suess, with the knowledge and substantial assistance of Mota and Altamira Company, was as follows:

a.     When a Vondom LLC customer would place an order, Suess would give that customer a pro forma/quote/invoice showing a dollar amount for the Vondom LLC product.

b.     The Vondom LLC customer would pay Vondom LLC that amount via one or more checks and, on Suess's instructions, deliver that check to the West Hollywood Showroom, where Suess would receive the check(s).

c.     Rather than pass the check to Vondom LLC or deposit it in the Vondom LLC account, Suess or Mota would deposit the check into the Altamira Company Account.  Altamira Company is a company owned by Suess and Mota.

d.     Suess would then create an invoice for the same product(s) that the Vondom LLC customer had purchased and list a significant discount on the invoice (which resulted in a representation that a smaller amount had been "charged"

to the customer for the product(s)).  Suess would then represent to Vondom LLC's representatives that that invoice was listed the amount the customer had been charged.

    e.    Suess would pay the amount Vondom LLC's system showed as "owed" by the customer as per the second invoice by using his personal credit cards, including his American Express and Visa cards, so that the customer's "account" would not have a pending balance and so that the product(s) would be shipped to the customer.

    f.    In the end, Suess, Mota, and Altamira Company would keep the portion of the customer's original payment by check(s) that he did not pass onto Vondom LLC through his personal credit card payment.

22.    In some cases, Suess only paid via credit card a portion of what he had represented the customer was charged (thereby keeping a larger portion of the pie for himself, Mota, and Altamira Company).  In other cases, he never passed to Vondom LLC any of the money the customer had paid (thereby keeping all of Vondom LLC's money).

23.    Mota himself intentionally and knowingly deposited some of the checks sent by Vondom LLC's customers into the Altamira Company Account.  Each time he did so, he was fully aware that he was depositing money into the Altamira Company Account that did not belong to Altamira Company.

24.    As of the filing of this complaint, Vondom LLC has determined that Suess and/or Mota deposited at least 43 checks sent from Vondom LLC's customers to Vondom LLC for Vondom LLC's product into the Altamira Company Account.  Those 43 checks total $477,982.44, of which only a fraction was ultimately passed to Vondom LLC through the aforementioned scheme.

25.    Those deposits occurred at various Bank of America branches and ATMs in Southern California, as well as through mobile phone deposits.  The deposits date from at least May 8, 2019 to at least December 11, 2019.

26.    Vondom LLC offers the following examples of the foregoing conduct:

a.    On or about July 29, 2019, Vondom LLC's customer, which Vondom LLC will refer to as Customer A herein, purchased certain product from Vondom LLC for $8,550.00 (including freight and handling).  Suess prepared a quote reflecting that $8,550.00 purchase.  Suess then received a check from Customer A payable to Vondom LLC in the amount of $8,550.00.  Rather than delivering that check to Vondom LLC itself, Suess—either by himself or through his agent Mota—deposited the $8,550.00 check into the Altamira Company Account on August 12, 2019.  On or about October 28, 2019, Suess then created an invoice for the same Customer A order, which falsely showed that Customer A had only been charged just $4,250.00 for the order, and represented to Vondom LLC that that invoice was legitimate.  On or about November 12, 2019, Suess then paid Vondom LLC $4,250.00 via his own American Express credit card as if it had been Customer A making the payment.  Suess, Mota, and Altamira Company kept the difference between the $8,550.00 that had been deposited into the Altamira Company Account and the $4,250.00 Suess had paid Vondom LLC through his own credit card—that is, $4,300.00; and

b.    In or about September 2019, Vondom LLC's customer, which Vondom LLC will refer to as Customer B herein, purchased certain product from Vondom LLC for $21,437.30 (including freight and handling).  Suess prepared a pro forma reflecting that $21,437.30 purchase.  Suess then received a check from Customer A payable to Vondom LLC in the amount of $21,437.30.  Rather than delivering the check to Vondom LLC itself, Defendants Suess and Mota deposited that check into the Altamira Company Account via an ATM deposit on October 1, 2019.  On or about October 2, 2019, Suess then created a second invoice for the same Customer B order, which falsely showed that Customer B was only charged $14,042.50 for the same product, and represented to Vondom LLC that the second invoice was legitimate.  That same day, Seuss used one of his American Express

credit cards to pay Vondom LLC $14,042.50, as if it were Customer B making the payment.  Suess, Mota, and Altamira Company kept the difference between the $21,437.30 that had been deposited into the Altamira Company Account and the $14,042.50 that Suess paid to Vondom LLC via his credit card—that is, $7,394.80.

***Defendants Fraudulently Transfer Money to Purchase, Pay For, and Improve Real Property***

27.     On June 26, 2019, Altamira Company transferred $25,000.00 from the Altamira Company Account to another account for Suess Trust's purchase of real property in Barrington, Illinois.  That transfer was made from Los Angeles County, California.

28.     On July 9, 2019, Altamira Company transferred $25,000.00 from the Altamira Company Account to another account for Suess Trust's purchase of real property in Barrington, Illinois.  That transfer was made from Los Angeles County, California.

29.     On July 9, 2019, Altamira Company transferred $50,000.00 from the Altamira Company Account to another checking account through a teller transfer at a Bank of America branch in West Hollywood, California with, upon information and belief, the intent that that money be used for Suess Trust's purchase of real property in Barrington, Illinois.  Upon information and belief, that money ultimately did end up being used by Suess Trust for the purchase of real property in Barrington, Illinois.

30.     On July 11, 2019, Altamira Company transferred $20,000.00 from the Altamira Company Account to another account with the intent that the money be used for Suess Trust's purchase of real property in Barrington, Illinois.  That transfer was made from Los Angeles County, California. Upon information and belief, that money ultimately did end up being used by Suess Trust for the purchase of real property in Barrington, Illinois.

31.     On July 15, 2019, Altamira Company transferred $15,000.00 from the Altamira Company Account to another account for Suess Trust's purchase of real property in Barrington, Illinois. That transfer was made from Los Angeles County, California.

32.     As of July 15, 2019, Suess and Mota had deposited at least $177,168.97 of Vondom LLC's money into the Altamira Company Account.  They also deposited another $4,678.50 of Vondom LLC's money the next day, July 16, 2019.

33.     Sometime between July 16, 2019 and July 22, 2019, Suess Trust purchased the following real property from Julie Zamudio, Independent Executor of the Estate of Richard P. Libby, Deceased for $580,000.00:

> Legal Description:
>
> Lot 65 in Unit number 1 of Robert Bartlett's Timberlake Estates, a Subdivision of parts of Sections 1 and 12, Township 43 North, Range 9, East of the Third Principal Meridian, and of Section 6, Township 43 North, Range 10, East of the Third Principal Meridian, according to the plat thereof recorded November 15, 1952, as document 774651 in Book 32 of Plats, Pages 77, 78 and 79, in Lake County, Illinois
>
> Address: 65 Timberlake Parkway, Barrington, Illinois 60010
>
> Permanent Index Number (PIN): 13-01-405-011-0000

("Barrington House").  The executor's deed was recorded with the Lake County Recorder of Deeds on July 22, 2019.  A true and correct copy of that deed is attached hereto as Exhibit "2."

34.     On July 16, 2019, Suess Trust signed a mortgage to Wintrust Mortgage, a Division of Barrington Bank and Trust Co., N.A. ("Wintrust Mortgage") in the amount of $449,550.00 for the Barrington House ("Barrington House Mortgage").  That same day, Suess Trust signed a promissory note in that amount to Wintrust Mortgage.

35.     The Barrington House Mortgage was recorded in the Lake County, Illinois public records on July 22, 2019.

36.     Altamira Company made the following payments/transfers from the Altamira Company Account to Wintrust Mortgage for the Barrington House Mortgage (and for Suess Trust's and Mota Trust's benefit):

    a.   Check #1049 for $3,696.95 on August 18, 2019, signed by Mota;

    b.   Check #1068 for $3,696.95 on August 28, 2019, signed by Mota;

      c.  Check #1071 for $3,696.95 on September 2, 2019, signed by Mota; and

      d.  Check #1089 for $3,696.95 on September 18, 2019, signed by Mota.

Those payments/transfers were made from Los Angeles County, California to, upon information and belief, Illinois.

      37.    Altamira Company made the following payments/transfers related to the purchase or improvement of the Barrington House for Suess Trust and Mota Trust's benefit:

      a.  Check #1034 for $180.00 to Cash with the memo "65 Timberlake" on July 18, 2019, signed by Mota;

      b.  Check #1047 for $3,000.00 to Barrington Woodworks with the memo "Deposit 65 Timberlake" on August 13, 2019, signed by Mota;

      c.  Check #VV019 for $3,000.00 to Barrington Woodworks with the memo "65 Timberlake Barrington" on August 23, 2019, signed by Mota;

      d.  Check #1051 for $275.00 to USI [Illegible] Reduction with the memo "65 Timberlake 60010" on August 18, 2019, signed by Mota;

      e.  Check #1072 for $800.00 to Grade A Landscaping with the memo "65 Timberlake" on August 30, 2019, signed by Mota;

      f.  Check #VV020 for $2,000 to Barrington Woodworks with the memo "65 Timberlake Parkway; Chris Suess" on September 5, 2019, signed by Mota;

      g.  Check #VV021 for $3,000.00 to Barrington Woodworks with the memo "65 Timberlake" on September 20, 2019, signed by Mota;

      h.  Check #1060 for $1,500.00 to USI [Illegible] Reduction with the memo "65 Timberlake" on August 28, 2019, signed by Mota;

      i.  Check #1092 for $450.00 to Victor Flori with the memo "65 Timberlake Work" on September 28, 2019, signed by Mota;

j.   Check #VV027 for $1,150.00 to Victor Flori with the memo "65 Timberlake" on November 14, 2019, signed by Mota;

k.   Check #1101 for $560.00 to Law Office of Theresa [Panzica] with the memo "Quit Claim Deed 65 Timberlake" on October 21, 2019, signed by Mota; and

l.   Check #1108 for $1,500.00 to Fernando Garcia with the memo "electrical work 65 timberlake" on November 13, 2019, signed by Mota.

Altamira Company either sent those checks from Los Angeles County, California to recipients in Illinois for work done or products delivered in Illinois, or wrote the checks in Illinois and delivered them in Illinois for work done or products delivered in Illinois.

38.   On July 20, 2019, Suess Trust signed a quit claim deed transferring title to the Barrington House to Suess Trust and Mota Trust.  Mota Trust also signed the deed as grantee that day. A copy of that quit claim deed is attached as Exhibit "3."

39.   Although the quit claim deed was signed on July 20, 2019, it was not recorded in the Lake County public records until October 4, 2019.

40.   The deed was prepared by the aforementioned Law Office of Theresa L. Panzica.

41.   Suess Trust transferred the Barrington House to Suess Trust and Mota Trust, and Mota Trust accepted the transfer of the Barrington House, with full knowledge of

a.   The claims Vondom LLC had against Altamira Company;

b.   The fact that Suess Trust had purchased the Barrington House using funds Suess, Mota, and Altamira Company had misappropriated from Vondom LLC; and

c.   The fact that Suess Trust had improved the Barrington House using funds Suess, Mota, and Altamira Company had misappropriated from Vondom LLC.

42.   Given that Altamira Company owed and owes Vondom LLC for all of the money it misappropriated from Vondom LLC, Vondom LLC possessed a claim against Altamira Company, as "claim" is defined in 740 ILCS 160/2(c), when the transfers listed in paragraphs 27

through 31, 33, 36, and 37 were made.  Vondom LLC, therefore, was and is Altamira Company's creditor.

43.     Altamira Company made the transfers listed in paragraphs 27 through 31, 33, 36, and 37 with the actual intent to hinder, delay, or defraud Vondom LLC.

44.     In particular, Altamira Company's transfers show an actual intent in that

a.  The transfers were made to pay a down payment, mortgage, and improvements on the Barrington House, which was to be owned (and became owned) by the self-settled trust (Suess Trust) of an Altamira Company insider, Suess, and then ultimately transferred to the self-settled trusts (Suess Trust and Mota Trust) of two Altamira Company insiders, Suess and Mota;

b.  Altamira Company's owners retained possession or control of the funds (and, ultimately, the property or equity received, and/or property improved, through use of the funds post-transfer) after the transfer;

c.  The transfer was not disclosed to Vondom LLC;

d.  At least some of the transfers (if not all of them) were of substantially all of Altamira Company's assets at the time they were made;

e.  Altamira Company removed the funds from the account into which it had deposited Vondom LLC's money;

f.  The value that Altamira Company received from Suess Trust and Mota Trust was not reasonably equivalent to the value of the assets transferred;

g.  Due to the amount of money Altamira Company owed Vondom LLC at the time of the transfers, Altamira Company was insolvent at the time of at least some (if not all) of the transfers;

h.  The transfers occurred shortly before and after substantial debts were incurred to Vondom LLC (due to the repeated, constant misappropriation of funds from Vondom LLC between May 2019 (at the latest) and December 2019).

45.     Altamira Company also made the transfers listed in paragraphs 27 through 31, 33, 36, and 37 without receiving a reasonably equivalent value from Suess Trust and Mota Trust in exchange for the transfers, and

      a.   As evidenced by the repeated, constant overdrafts necessary to keep Altamira Company afloat and the repeated, constant misappropriation of Vondom LLC's funds, Altamira Company was engaged in a staging business or transactions for which the remaining assets of Altamira Company were unreasonably small in relation to the business or transactions; and/or

      b.   As evidenced by the repeated, constant overdrafts necessary to keep Altamira Company afloat and the repeated, constant misappropriation of Vondom LLC's funds, Altamira Company intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due.

46.     These acts were done in violation of 740 ILCS 160/5.

47.     Alternatively, Altamira Company made the transfers listed in paragraphs 27 through 31, 33, 36, and 37 without receiving a reasonably equivalent value from Suess Trust and Mota Trust in exchange for the transfers and was insolvent as a result of at least some (if not all) of the transfers. Those acts were in violation of 740 ILCS 160/6.

48.     As a result of Altamira Company, Suess Trust's, and Mota Trust's actions, Vondom LLC has been injured.

Wherefore, Plaintiff Vondom LLC respectfully demands judgment against Altamira Company, Suess Trust, and Mota Trust for:

      a.   A constructive trust on the Barrington House in the amount of the transfers, or alternatively, up to the amount of Vondom LLC's claim against Altamira Company as defined by law, pursuant to proof;

      b.   A forced sale of the Barrington House to liquidate the funds necessary to repay the amount of the transfers, or alternatively, up to the amount of Vondom LLC's claim against Altamira Company as defined by law, pursuant to proof;

    c.   An injunction against Suess Trust and Mota Trust's disposition of the Barrington House or their equity therein;

    d.   An injunction against Altamira Company's further disposition of its assets;

    e.   Any other relief allowed by 740 ILCS 160/8;

    f.   Costs;

    g.   Pre-judgment and post-judgment interest; and

    h.   Any other relief this Court deems just and appropriate.

Dated:  February 17, 2020            Respectfully submitted,


                     *s/     Daniel O. Herrera*
                     Daniel O. Herrera
                     **CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
                     150 South Wacker Drive
                     Suite 3000
                     Chicago, Illinois  60606
                     Telephone: (312) 782-4880
                     dherrera@caffertyclobes.com

                     ***Local Counsel for Vondom, LLC***

                     Fausto Sanchez
                     **SANCHEZ FISCHER LEVINE, LLP**
                     1200 Brickell Ave, Ste. 507
                     Miami, Florida  33131
                     Telephone: (305) 925-9947
                     fsanchez@sfl-law.com
                     *Pro Hac Vice Motion Forthcoming*

                     ***Counsel for Vondom, LLC***

# EXHIBIT 1



2019055347

| | |
|---|---|
| **FILED** | **EXPIRES** |
| Mar 5 2019 | Mar 5 2024 |

YOUR RETURN MAILING ADDRESS

NAME: ALTAMIRA LLC

ADDRESS: 46-E PENINSULA CENTER DRIVE #542

CITY: ROLLING HILLS ESTATES          STATE: CA      ZIP CODE: 90274

Dean C. Logan, Registrar-Recorder/County Clerk

Electronically signed by DOMINIQUE PERRY

# FICTITIOUS BUSINESS NAME STATEMENT

### TYPE OF FILING AND FILING FEE (Check one)

- [X] Original- $26.00 (FOR ORIGINAL FILING WITH ONE BUSINESS NAME ON STATEMENT)
- [ ] Amended Filing- $26.00 (CHANGES IN FACTS FROM ORIGINAL FILING- REQUIRES PUBLICATION)
- [ ] Refile- $26.00 (NO CHANGES IN THE FACTS FROM ORIGINAL FILING)

$5.00 - FOR EACH ADDITIONAL BUSINESS NAME FILED ON SAME STATEMENT, DOING BUSINESS AT THE SAME LOCATION   $5.00- FOR EACH ADDITIONAL OWNER IN EXCESS OF ONE OWNER

### The following person(s) is (are) doing business as:

\*1.   VONDOM                                    2.     ALTAMIRA DESIGNS

Print Fictitious Business Name(s)

\*\*    46-E PENINSULA CENTER DRIVE #542

Street address of principal place of business                                    Mailing address if different

ROLLING HILLS ESTATES        CA        90274      LA COUNTY

City                          State /Country    Zip      COUNTY          City                State /Country      Zip

Articles of Incorporation or Organization Number (if applicable): AI #ON

### \*\*\*REGISTERED OWNER(S):

1.   ALTAMIRA COMPANY, LLC                          2.

Full Name/Corp/LLC (P.O. Box not accepted)                    Full Name/Corp/LLC (P.O. Box not accepted)

46-E PENINSULA CENTER DRIVE #542

Residence Address                                    Residence Address

ROLLING HILLS ESTATES          CA        90274

City                      State/Country        Zip        City                State/Country      Zip

IL

If Corporation or LLC - Print State of Incorporation/Organization    If Corporation or LLC - Print State of Incorporation/Organization

3.                                                4.

Full Name/Corp/LLC (P.O. Box not accepted)                    Full Name/Corp/LLC (P.O. Box not accepted)

Residence Address                                    Residence Address

City                      State/Country        Zip        City                State/Country      Zip

If Corporation or LLC - Print State of Incorporation/Organization    If Corporation or LLC - Print State of Incorporation/Organization

IF MORE THAN FOUR REGISTRANTS, ATTACH ADDITIONAL SHEET SHOWING OWNER INFORMATION

### \*\*\*\*THIS BUSINESS IS CONDUCTED BY: (Check one)

- [ ] an Individual
- [ ] a General Partnership
- [ ] a Limited Partnership
- [X] a Limited Liability Company
- [ ] an Unincorporated Association other than a Partnership
- [ ] a Corporation
- [ ] a Trust
- [ ] Copartners
- [ ] a Married Couple
- [ ] Joint Venture
- [ ] State or Local Registered Domestic Partners
- [ ] a Limited Liability Partnership

\*\*\*\*\*The date registrant started to transact business under the fictitious business name or names listed above:        05/2018

(Insert N/A above if you haven't started to transact business)

### I declare that all information in this statement is true and correct.

(A registrant who declares as true any material matter pursuant to Section 17913 of the Business and Professions Code that
the registrant knows to be false is guilty of a misdemeanor punishable by a fine not to exceed one thousand dollars ($1,000).)

REGISTRANT(S)/CORP/LLCNAME (PRINT)   ALTAMIRA COMPANY, LLC                TITLE  CEO

**REGISTRANT SIGNATURE**   _Loah_              IF CORP OR LLC, PRINT NAME   LUIS GERARDO MOTA

If corporation, also print corporate title of officer.  If LLC, also print title of officer or manager.

This statement was filed with the County Clerk of LOS ANGELES on the date indicated by the filed stamp in the upper right corner.

NOTICE - IN ACCORDANCE WITH SUBDIVISION (a) OF SECTION 17920, A FICTITIOUS NAME STATEMENT GENERALLY EXPIRES AT THE END OF FIVE YEARS FROM THE
DATE ON WHICH IT WAS FILED IN THE OFFICE OF THE COUNTY CLERK, EXCEPT, AS PROVIDED IN SUBDIVISION (b) OF SECTION 17920, WHERE IT EXPIRES 40 DAYS
AFTER ANY CHANGE IN THE FACTS SET FORTH IN THE STATEMENT PURSUANT TO SECTION 17913 OTHER THAN A CHANGE IN THE RESIDENCE ADDRESS OF A
REGISTERED OWNER. A NEW FICTITIOUS BUSINESS NAME STATEMENT MUST BE FILED BEFORE THE EXPIRATION. EFFECTIVE JANUARY 1, 2014, THE FICTICIOUS
BUSINESS NAME STATEMENT MUST BE ACCOMPANIED BY THE AFFIDAVIT OF IDENTITY FORM.

THE FILING OF THIS STATEMENT DOES NOT OF ITSELF AUTHORIZE THE USE IN THIS STATE OF A FICTITIOUS BUSINESS NAME IN VIOLATION OF THE RIGHTS OF
ANOTHER UNDER FEDERAL, STATE, OR COMMON LAW (SEE SECTION 14411 ET SEQ., BUSINESS AND PROFESSIONS CODE).

*I HEREBY CERTIFY THAT THIS COPY IS A CORRECT COPY OF THE ORIGINAL STATEMENT ON FILE IN MY OFFICE.*

*DEAN C. LOGAN, LOS ANGELES COUNTY CLERK*          BY:   DOMINIQUE PERRY                    , Deputy

Rev. 01/2014          P.O. BOX 1208, NORWALK, CA 90651-1208      PH: (562) 462-2177        WEB ADDRESS: LAVOTE.NET

**ADDITIONAL
FICTITIOUS BUSINESS NAMES**

2019055347

**FILED**          **EXPIRES**
**Mar  5 2019**     **Mar  5 2024**
Dean C. Logan, Registrar-Recorder/County Clerk

Electronically signed by DOMINIQUE PERRY

**Business Name**
ALTAMIRA

**Business Name**
CHRISTOPHER SUESS DESIGNS

**Business Name**
VONDOM LLC

# EXHIBIT 2

Case 2:21-cv-00750-FLA-MRW   Document 1   Filed 02/17/20   Page 18 of 24   Page ID #:18

```
Image# 058422050003 Type: DEX
Recorded: 07/22/2019 at 12:39:29 PM
Receipt#: 2019-00035882
Page 1 of 3
Fees: $930.00
IL Rental Housing Fund: $9.00
Lake County IL Recorder
Mary Ellen Vanderventer Recorder
```

**EXECUTOR'S DEED**

Statutory (ILLINOIS)

File **7578006**

THE GRANTOR

| REAL ESTATE TRANSFER TAX | |
|---|---|
| County: | $290.00 |
| Illinois: | $580.00 |
| Total: | $870.00 |
| Stamp No: | 0-625-546-336 |
| Declaration ID: | 20190704922188 |
| Instrument No: | 7578006 |
| Date: | 22-Jul-2019 |

**Julie Zamudio, Independent Executor of the Estate of Richard P. Libby, deceased,** by virtue of Letters of Office issued to Julie Zamudio by the Circuit Court of The Nineteenth Judicial Circuit, Lake County, State of Illinois, In case #18P164, and

*CT  19GST2860017LZ  1 of 2*

in exercise of the power of sale granted to the Independent Executor by the Decedent's Will and in pursuance of every other power and authority enabling, and in consideration of the sum of **$580,000.00 (Five Hundred Eighty Thousand Dollars),** receipt whereof is acknowledged, does hereby CONVEY and QUIT CLAIMS to

**Christopher M. Suess, Trustee of the Christopher M. Suess Trust dated January 9, 2017,** of the City of Lake Forest, in the County of Lake, State of Illinois, the following described Real Estate situated in the County of Lake in the State of Illinois, to wit: (See attached legal description.)

Subject To: covenants, conditions, and restrictions of record and building lines and easements, if any, and general real estate taxes not due and payable at the time of the closing.

Permanent Index Number (PIN): 13-01-405-011-0000

Address of Real Estate:  65 Timberlake Parkway, Barrington, I L60010

DATED _____7-11-19_____, 2019

_Julie Zamudio, Independent Executor_

Doc Number: 7578006  Seq: 1

State of Illinois, 
County of _____ ss.

I, the undersigned, a Notary Public in and for said County, in the State aforesaid, DO HEREBY CERTIFY that **Julie Zamudio, Independent Executor of the Estate of Richard P. Libby,** is personally known to me to be the same person whose name is subscribed to the foregoing instrument, appeared before me this day in person, and acknowledged that she signed, sealed, and delivered the said instrument as her free and voluntary act as such Independent Executor, for the uses and purposes therein set forth.

Given under my hand and official seal, this _____, 2019

Commission expires _____

Notary Public

This instrument was prepared by
Susan Poplar, Attorney, 330 E. Main St., Suite 207, Barrington, Illinois 60010

### LEGAL DESCRIPTION

See attached legal

Mail To:

Theresa Panzica
Attorney at Law
7510-A W. Irving Pk. Rd.
Chicago, IL 60618

Send Subsequent Tax Bills To:

Christopher M. Suess, Trustee
65 Timberlake Parkway
Barrington, IL 60010

**Doc Number: 7578006  Seq: 2**

LEGAL DESCRIPTION

Lot 65 in Unit number 1 of Robert Bartlett's Timberlake Estates, a Subdivision of parts of Sections 1 and 12, Township 43 North, Range 9, East of the Third Principal Meridian, and of Section 6, Township 43 North, Range 10, East of the Third Principal Meridian, according to the plat thereof recorded November 15, 1952, as document 774651 in Book 32 of Plats, Pages 77, 78 and 79, in Lake County, Illinois

# EXHIBIT 3

# QUIT CLAIM DEED
## ILLINOIS STATUTORY

Mail to:

**Luis Mota**

**65 Timberlake Pkwy**

**Barrington, IL 60010**

,

Name & Address of Taxpayer:

Christopher M. Suess as Trustee of the Christopher M. Suess Trust

Luis Mota as Trustee of the Luis Mota Trust Date January 9th, 2017

**65 TIMBERLAKE PKWY**

**BARRINGTON, IL 60010**

Image# 058656070003 Type: DQC
Recorded: 10/04/2019 at 11:23:40 AM
Receipt#: 2019-00051851
Page 1 of 3
Fees: $60.00
IL Rental Housing Fund: $9.00
Lake County IL Recorder
Mary Ellen Vanderventer Recorder
File **7597847**

(Space for Recorder's Use)

THE GRANTOR(S),   **Christopher M. Suess Trustee of the Christopher M. Suess Trust,**

of the **Village**        of **Barrington**        , County of **Lake**        State of **Illinois**

for and in consideration of **TEN**                                    DOLLARS

and other good and valuable consideration, in hand paid, CONVEY(S) and QUIT CLAIM(S) to

THE GRANTEE(S),   **Christopher M. Suess as Trustee of the Christopher M. Suess Trust and  Luis Mota as Trustee of the Luis Mota Trust Date January 9th, 2017, ,**

(Grantee's Address) **65 TIMBERLAKE PKWY, BARRINGTON, IL 60010**

of the **Village**        of **Barrington**        , County of **Lake**        State of **Illinois**

in the form of ownership:

all interest in the following described real estate situated in the County of **Lake**        , in the State of Illinois to wit:

**LOT 65 IN UNIT NUMBER 1 OF ROBERT BARTLETT'S TIMBERLAKE ESTATES, A SUBDIVISION OF PARTS OF SECTIONS 1 AND 12, TOWNSHIP 43 NORTH, RANGE 9 EAST OF THE THIRD PRINCIPAL MERIDIAN, ACCORDING TO THE PLAT THEREOF RECORDED NOVEMBER 15, 1952, AS DOCUMENT 774651, IN BOOK 32 OF PLATS, PAGES 77, 78 AND 79, IN LAKE COUNTY, ILLINOIS.**

(NOTE: If additional space is required for legal, attach on a separate 8-1/2" x 11" sheet.)

hereby releasing and waiving all rights under and by virtue of the Homestead Exemption Laws of the State of Illinois.

Permanent Index Number(s): **13-01-405-011-0000**

Property Address: **65 TIMBERLAKE PKWY, BARRINGTON, IL 60010**

07/19/2019 FRI 16:51  FAX                                                                  ☑003/003

Dated this       20ᵗʰ day of  July, 20.19                                    trustee
                                                              (Seal)                              (Seal)
_____        _____                                  Christopher M. Suess Trustee of the Christopher M. Suess Trust
                                  (Seal)
_              _____         (Seal)          _____          (Seal)

(NOTE: Please type or print names below all signatures.)


STATE OF **ILLINOIS** _____        )
                                                                ) ss
COUNTY OF **LAKE** _____          )

I, the undersigned, a Notary Public in and for said County, in the State aforesaid, DO HEREBY CERTIFY THAT
_ Christopher M. Suess Trustee of the Christopher M. Suess Trust _____

personally known to me to be the same person(s) whose name(s) subscribed to the foregoing instrument, appeared before me this day
in person, and acknowledged that he/she/they signed, sealed and delivered the said instrument as his/her/their free and voluntary act
for the uses and purposes therein set forth, including the release and waiver of the right of homestead.

Given under my hand and notarial seal this     20th day of    July, 2019
                                                                                                         _____
                                                                                                              Notary Public

(Seal)

┌─────────────────────────────────┐
│        OFFICIAL SEAL             │          My commission expires: 8·23·2019
│        ISAAK BIRGIN              │
│  NOTARY PUBLIC - STATE OF ILLINOIS │
│  MY COMMISSION EXPIRES:08/23/19  │
└─────────────────────────────────┘


                        **LAKE** _____ COUNTY / ILLINOIS TRANSFER STAMP
                                                    or
Name & Address of Preparer:                Exempt under provisions of Paragraph  **E**
Theresa L. Panzica                         Section 4, Real Estate Transfer Tax Act.
Law Office of Theresa L. Panzica           Date: _____
2510 W. Irving Park Rd., Ste A
Chicago, IL 60618                          Buyer, Seller or Representative
                                                    Anthony N Panzica

** This conveyance must contain the name and address of the Grantee for tax billing purposes: (Chap. 55 ILCS 5/3-5020) and name
and address of the person preparing the instrument (Chap. 55 ILCS 5/3-5022).

                                           July 20th 2019

                                           INFO-PRO   (800)555 2021  www.infoproforms.com

File Number: 7597847    Page 2 of 3

# STATEMENT BY GRANTOR AND GRANTEE

The grantor or his agent affirms that, to the best of his knowledge, the name of the grantee shown on the deed or assignment of beneficial interest in a land trust is either a natural person, an Illinois corporation or foreign corporation authorized to do business or acquire and hold title to real estate in Illinois, a partnership authorized to do business or acquire and hold title to real estate in Illinois, or other entity recognized as a person and authorized to do business or acquire and hold title to real estate under the laws of the State of Illinois.

Dated _July 20_, _2019_    Signature: _____

Grantor or Agent

Subscribed and sworn to before me by the

said _he signed as free and voluntary act_

this _20th_ day of _July_

_2018_

_____
Notary Public

OFFICIAL SEAL
ISAAK BIRGIN
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:08/23/19

The grantee or his agent affirms and verifies that the name of the grantee shown on the deed or assignment of beneficial interest in a land trust is either a natural person, an Illinois corporation or foreign corporation authorized to do business or acquire and hold title to real estate in Illinois, a partnership authorized to do business or acquire and hold title to real estate in Illinois, or other entity recognized as a person and authorized to do business or acquire and hold title to real estate under the laws of the State of Illinois.

Dated _July 20_, _219_    Signature: _____  Trustee of the

Grantee or Agent

_Luis Mota Trust dated_
_January 9, 2017_

Subscribed and sworn to before me by the

said _he signed as free and voluntary act_

this _20th_ day of _July_

_2018_

_____
Notary Public

OFFICIAL SEAL
ISAAK BIRGIN
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:08/23/19

NOTE:    Any person who knowingly submits a false statement concerning the identity of a grantee shall be guilty of a Class C misdemeanor for the first offense and of a Class A misdemeanor for subsequent offenses.

[Attach to deed or ABI to be recorded in Cook County, Illinois, if exempt under provisions of Section 4 of the Illinois Real Estate Transfer Tax Act.]

SGRTORE2